IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HEATHER STANCIL,<br><br>Plaintiff,<br><br>vs.<br><br>MADISON COUNTY, IOWA, SHERIFF JASON BARNES,<br><br>Defendants. | 4:25-cv-00242-SHL-HCA<br><br>**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff Heather Stancil alleges that Madison County Sheriff Jason Barnes is retaliating against her in violation of the First and Fourteenth Amendments to the United States Constitution. (ECF 1.) She alleges that in the early evening of July 18, 2025 (the date of this Order), the Madison County Sheriff's Office executed a search warrant at her home and seized, among other things, a cell phone and laptop that contains attorney-client privileged information and "information about her political activities that are protected by the First Amendment." (ECF 3, ¶ 4.) She asks the Court to issue an Order stating that "defendant, his agents, or any person working in concert with him may not examine, download, access, or otherwise view any property seized from plaintiff until further order of this Court." (Id., ¶ 5.) Plaintiff has not notified the Madison County Attorney or Defendant of this motion "due to the exigency of the matter and the expectation that the search warrant was obtained and executed with the county attorney's knowledge and approval." (Id., ¶ 6.)

Under *Younger v. Harris*, federal courts may enjoin state criminal law enforcement processes only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." 401 U.S. 37, 45 (1971). *See also Fieger v. Cox*, 524 F.3d 770, 774–75 (6th Cir. 2008) (affirming denial of injunctive relief). Court must consider factors such as whether the proceedings implicated an important state interest and "whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Id.* at 775. Here, Plaintiff has not explained why she could not move to quash the subpoena in state court or otherwise raise constitutional issues in the context of state proceedings, including through challenges to the prosecutor's use of seized evidence. *See id.* at 775–76. Moreover, and in any event, the Court generally must presume unless Plaintiff demonstrates otherwise that state court prosecutors will

1

comply with their ethical duties not to expose themselves to attorney-client privileged information or otherwise violate Plaintiff's constitutional rights.

Given these problems with Plaintiff's motion, the Court will not grant it *ex parte*. Indeed, the Court is doubtful that it will grant it at all. The Court will wait, however, to make a final determination until Plaintiff has notified the Madison County Attorney of the filing of her motion and the County Attorney has been given the opportunity to weigh in. Plaintiff is therefore ORDERED to provide copies of her filings and this Order to the Madison County Attorney as soon as possible. Plaintiff should file a status report with the Court as soon as notice has been provided that must include: (a) an explanation of how notice was provided; and (b) the County Attorney's position on Plaintiff's request for relief. The Court will decide from there how to proceed.

IT IS SO ORDERED.

Dated: July 18, 2025                    _____*/s/ Stephen H. Locher*_____
                                                                     STEPHEN H. LOCHER
                                                                     U.S. DISTRICT JUDGE